JUDGE JONES

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
PELINI MARITIME S.A.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
Andrew J. Warner (AW-5534)





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PELINI MARITIME S.A.

                                    Plaintiff,

          v.                                                              08  CV 6693  (BSJ)

                                                              **VERIFIED COMPLAINT**

BELORUSSIAN SHIPPING CO. a/k/a BELORUSIAN
SHIPPING CO. a/k/a JSC BELARUSSIAN SHIPPING
COMPANY a/k/a JOINT STOCK COMPANY
BELARUSSIAN SHIPPING COMPANY a/k/a
BELARUSSIAN SHIPPING COMPANY a/k/a
BELORUSSIAN SHIPPING COMPANY, EURASIA
SHIPPING AND PORT SERVICES, LLP, and
LAKEPARK EXPERTS LIMITED,

                                    Defendants.
------------------------------------------------------------X

          Plaintiff PELINI MARITIME S.A. (hereinafter collectively "PELINI"), by its

attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the

Defendants, BELORUSSIAN SHIPPING CO. a/k/a BELORUSIAN SHIPPING CO.,

a/k/a JSC BELARUSSIAN SHIPPING COMPANY a/k/a JOINT STOCK COMPANY

BELARUSSIAN SHIPPING COMPANY a/k/a BELARUSSIAN SHIPPING

COMPANY a/k/a BELORUSSIAN SHIPPING COMPANY, EURASIA SHIPPING

AND PORT SERVICES, LLP, and LAKEPARK EXPERTS LIMITED (hereinafter

"BELORUSSIAN", "EURASIA" and "LAKEPARK" respectively), alleges upon information and belief as follows:

<u>JURISDICTION</u>

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.  Subject matter jurisdiction also exists because the action arises under the New York Convention on Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. § 201, et seq. and the Federal Arbitration Act.

<u>THE PARTIES</u>

2.     At all times material hereto, Plaintiff PELINI MARITIME S.A. was and still is a foreign corporation, existing under the laws of the Marshall Islands, with an office and principal place of business at Trust Maritime Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands MH 96960.

3.     At all times material hereto, PELINI was and is the owner of the vessel M/V EVANGELOS.

4.     At all times material hereto, defendant BELORUSSIAN SHIPPING CO. a/k/a BELORUSIAN SHIPPING CO., a/k/a JSC BELARUSSIAN SHIPPING COMPANY a/k/a JOINT STOCK COMPANY BELARUSSIAN SHIPPING COMPANY a/k/a BELARUSSIAN SHIPPING COMPANY a/k/a BELORUSSIAN SHIPPING COMPANY, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with an address in Minsk, Belarus.

5.    At all times material hereto, the defendant BELORUSSIAN was a charterer of ocean-going vessels.

6.    At all times material hereto, defendant EURASIA SHIPPING AND PORT SERVICES, LLP was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with an address at 4 Meadowbank Primrose Hill Road, London NW3 3AY, United Kingdom.

7.    At all times material hereto, defendant LAKEPARK EXPERTS LIMITED was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with an address at 69 Ridge Road, Albany, Auckland, New Zealand.

AS AND FOR A CAUSE OF ACTION
FOR BREACH OF THE CHARTER-PARTY

8.    On or about December 7, 2007, PELINI, as owners of the M/V EVANGELOS, and BELORUSSIAN, as charterers, entered into a time charter party.

9.    BELORUSSIAN hired the M/V EVANGELOS to carry its cargo on two separate voyages from Singapore/Malaysia to South America.

10.    The charter party between PELINI and BELORUSSIAN is a maritime contract.

11.    Pursuant to the terms and conditions of the maritime contract, the parties agreed to, among other things, that hire would be paid every fifteen (15) days, terms of payment, and that all disputes arising under the Time Charter Party would be subject to English law and resolved in London arbitration

12.    In accordance with the maritime contract, the vessel was made available to BELORUSSIAN, the vessel was used, and hire was earned by PELINI.

13.    Although the charter hire was earned and became due, BELORUSSIAN has failed to pay the full amount of the hire, even though duly demanded by PELINI.

14.    Partial payments of the hire due to PELINI have been made by EURASIA and LAKEPARK, on behalf of BELORUSSIAN, however, an amount of US $42,166.55 remains due and owing.

15.    This unjustified failure to pay hire constitutes an improper breach of the maritime contract and has resulted in damages to PELINI in the amount of US $42,166.55 plus awardable interest, fees, and costs.

16.    The maritime contract provides that any disputes arising under said contracts are subject to resolution under English law and determination by a London arbitration panel.

17.    In accordance with this maritime contract, PELINI has commenced arbitration proceedings in London.

18.    Under English law, including but not limited to section 63 of the English Arbitration Act of 1996, costs including attorneys fees, arbitration fees, disbursements, and interest are recoverable.

19.    As best as can now be estimated, PELINI expects to recover the following amounts in London arbitration from defendant BELORUSSIAN:

| | | |
|---|---|---|
| A. | Principal claim | $42,166.55 |
| B. | Estimated interest on claims: 3 years at 8%, compounded quarterly | $7,250.00 |
| C. | Estimated attorneys' fees: | $30,000.00 |
| D. | Estimated arbitration costs/expenses: | $20,000.00 |
| **Total** | | **$99,416.55** |

4

<u>AS AND FOR A SECOND CAUSE OF ACTION AGAINST EURASIA<br>AND LAKEPARK BASED UPON ALTER-EGO LIABILITY</u>

20.    Upon information and belief, at all material times, there existed such unity

of ownership and interest between Defendant BELORUSSIAN and Defendants

LAKEPARK and EURASIA, that no separation exists between them and the corporate

form of Defendant BELORUSSIAN has been disregarded such that Defendant

LAKEPARK and EURASIA primarily transacted the business of Defendant

BELORUSSIAN, and this is specifically so with respect to the charter of the M/V

EVANGELOS.

21.    Upon information and belief, at all material times, Defendants

LAKEPARK and EURASIA operated in the name of Defendant BELORUSSIAN, such

that Defendant BELORUSSIAN was the beneficial owner of LAKEPARK and

EURASIA.

22.    Upon information and belief, EURASIA and LAKEPARK are aliases of

BELORUSSIAN.

23.    Upon information and belief, as between BELORUSSIAN, LAKEPARK

and EURASIA there is a commonality of control and management centered with

BELORUSSIAN, and an overlap of officers, directors and employees.

24.    Upon information and belief, at all material times, Defendant

BELORUSSIAN and Defendants LAKEPARK and EURASIA, have overlapping

ownership, management, personnel and purposes such that Defendant BELORUSSIAN

and Defendants LAKEPARK and EURASIA did not operate at arms length.

25.     Upon information and belief, at all material times, there has been an intermingling of funds between Defendants BELORUSSIAN, LAKEPARK and EURASIA.

26.     Upon information and belief, at all material times, Defendant BELORUSSIAN have dominated, controlled and used the Defendants LAKEPARK and EURASIA for their own purposes such that there is no meaningful difference between the entities.

27.     Upon information and belief, Defendant BELORUSSIAN utilizes Defendants LAKEPARK and EURASIA to transfer funds through, to and from the Southern District of New York on its behalf.

28.     Upon information and belief, there are sufficient reasonable grounds to create an inference that Defendants LAKEPARK and EURASIA are the alter-ego of Defendant BELORUSSIAN and, therefore, Plaintiff PELINI has a valid prima facie *in personam* claim against Defendants LAKEPARK and EURASIA based upon alter-ego liability such that either LAKEPARK or EURASIA are liable for the full amount of the maritime claim that is asserted against BELORUSSIAN.

<u>PRAYER FOR RELIEF</u>

29.     Notwithstanding the fact that the liability of the defendants is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District and held by various parties, as garnishees.

30.    PELINI believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners in U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

31.    As set forth in the accompanying affidavit of Owen F. Duffy, the defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

32.    Because this Verified Complaint sets forth an *in personam* maritime claim against the defendants and because the defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the defendant and/or *quasi in rem* jurisdiction over the property of the defendant so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A.    That the defendants be summoned to appear and answer this Verified Complaint;

B.    That the defendants not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire,

credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like

belonging to or claimed by the defendants within this District up to the amount sued for

herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.    That this Court retain jurisdiction over this matter through the entry of a

judgment either by this Court, and/or the London arbitration panel, so that judgment may

be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* **US$99,416.55**,

and that a judgment of condemnation and sale be entered against the property arrested

and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the

proceeds thereof; and

D.    That Plaintiff has such other and further relief as the Court may determine

to be just and proper under the circumstances.

Dated: Port Washington, New York
        July 28 , 2008

                                            CHALOS, O'CONNOR & DUFFY, LLP
                                            Attorneys for Plaintiff,
                                            PELINI MARITIME S.A.

                    By:    _____
                                            Owen F. Duffy (OD-3144)
                                            Andrew J. Warner (AW-5534)
                                            366 Main Street
                                            Port Washington, New York 11050
                                            Tel:  (516) 767-3600
                                            Fax:  (516) 767-3605

8

JUDGE JONES

08 CV 6693

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
PELINI MARITIME S.A.
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
Andrew J. Warner (AW-5534)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

PELINI MARITIME S.A.

                        Plaintiff,

            v.                                      08 CV 6693 (BSJ)

                                                    **VERIFICATION**

BELORUSSIAN SHIPPING CO. a/k/a BELORUSIAN
SHIPPING CO., a/k/a JSC BELARUSSIAN SHIPPING
COMPANY a/k/a JOINT STOCK COMPANY
BELARUSSIAN SHIPPING COMPANY a/k/a
BELARUSSIAN SHIPPING COMPANY a/k/a
BELORUSSIAN SHIPPING COMPANY, EURASIA
SHIPPING AND PORT SERVICES, LLP, and
LAKEPARK EXPERTS LIMITED

                        Defendants.
-----------------------------------------------------------X

        Pursuant to 28 U.S.C. § 1746, Owen F. Duffy, Esq., declares under the penalty of

perjury:

        1.      That I am a partner in the law firm of Chalos, O'Connor & Duffy LLP,

counsel for the Plaintiff, PELINI MARITIME S.A., herein;

        2.      That I have read the foregoing complaint and know the contents thereof;

        3.      That I believe the matters to be true based on documents and information

obtained from employees and representatives of the Plaintiff through its agents,

underwriters and attorneys; and

4.     That the reason that this verification was made by deponent and not by the

Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could

not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
         July 23, 2008

                                              CHALOS, O'CONNOR & DUFFY, LLP
                                              Attorneys for Plaintiff,
                                              PELINI MARITIME S.A.


                              By:     _____
                                              Owen F. Duffy (OD-3144)
                                              366 Main Street
                                              Port Washington, New York 11050
                                              Tel:   (516) 767-3600
                                              Fax:  (516) 767-3605
                                              ofd@codus-law.com

2